## The UNITED STATES, Appellant,

v.

## RMS ELECTRONICS, INC., Appellee.

### Appeal No. 80–2.

United States Court of Customs and Patent Appeals.

June 26, 1980.

Alice Daniel, Asst. Atty. Gen., Washington, D. C., David M. Cohen, Director, Joseph I. Liebman, Atty. in Charge, Field Office for Customs Litigation, New York City, James A. Resti, Dept. of Justice, Civil Div., Commercial Litigation Branch, New York City, for appellant.

Louis Schneider and Herbert P. Larsen, New York City, for Federal Pacific Electric Company amicus curiae.

Peter Jay Baskin and Richard M. Belanger, New York City, for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN, and MILLER, Judges, and RE, Judge.*

RICH, Judge.

This appeal is from the judgment of the United States Customs Court in *RMS Electronics, Inc. v. United States,* 83 Cust.Ct. 37, C.D. 4818, 480 F.Supp. 302 (1979), disapproving the original classification of the imported merchandise and holding two other classifications to be proper. We affirm.

### The Imported Merchandise

The imported goods are known as baluns,[1] impedence matching couplers, or matching transformers. Their main use is to match impedence between the 300 ohm

---

\* The Honorable Edward D. Re, Chief Judge, United States Customs Court, sitting by designation.

**1.** The IEEE Standard Dictionary of Electrical & Electronics Terms (2d ed.) defines balun as follows:

(1) A passive device having distributed electrical constants to couple a balanced system or device to an unbalanced system or device. *Note:* The term is derived from *balance to unbalance transformer.*

(2) A network for the transformation from an unbalanced transmission line or system to a balanced line or system, or vice versa.

twin-lead wire commonly used between television receivers and their antennas, or the TV input connection itself, and the 75 ohm coaxial cable predominantly used in community antenna and cable television systems. If rated, the baluns are admittedly incapable of sustaining more than 1 kilovolt-ampere (kva). One type of the imported baluns differed from the others in that it incorporated a high pass filter said to eliminate Citizen's Band radio interference from television reception.

### Contested Statutory Classifications

The following provisions of the Tariff Schedules of the United States (TSUS), with rates in effect at the time of importation as modified by T.D. 68–9, are involved:

Classified under:

> Generators, motors, motor-generators, convertors (rotary or static), transformers, rectifiers and rectifying apparatus, and inductors; all the foregoing which are electrical goods, and parts thereof:
>
> Transformers:

682.05      Rated at less than 1 kva ... 12.5% ad val.

Claimed under:

682.07      Other .................... 6% ad val.

### Customs Court

The original classification under 682.05 was rejected. The lower court also rejected appellee's contention that all of the goods were dutiable under item 685.20 as television parts. Only the combined balun/filters were held to be classifiable as television parts and that holding has not been appealed. Plaintiff-appellee's alternative claim under item 682.07 was accepted for the baluns without filters.

Much of the importer's case was devoted to its attempt to persuade the court below that the baluns were not transformers. That court, noting that the goods were labeled as transformers, that they were so known in the trade, and that they conformed to dictionary definitions of trans-

formers, rejected the contention. Finding that the TSUS provided for transformers eo nomine, the Customs Court held that General Interpretative Rule 10(ij) [2] prohibited classification as television parts. This left for decision the proper classification, whether under item 682.05 or 682.07, supra. It was held that 682.05 "Transformers: Rated at less than 1 kva," did not apply to the baluns because baluns are not the kind of transformers that are "Rated." Therefore, item 682.07, "Other," was held to be the proper classification.

### OPINION

The crux of this case, as recognized by both parties, centers on the significance of the term "Rated" in TSUS item 682.05. Does rated mean capable of being rated, having been rated, or of a kind that is normally rated?

We agree with the Customs Court that item 682.05 does not include unrated transformers which, if rated, would be rated at less than 1 kva. Appellant has not shown us any reason why interpretation of the statute in accordance with its plain meaning would be either in conflict with the legislative history or inconsistent with the remainder of the statute. In the absence of ambiguity, the plain meaning prevails. *Plant Products Corp. v. United States*, 44 CCPA 183, C.A.D. 658 (1957).

Appellant states that transformer ratings do not require reduction to writing to render the transformers dutiable under item 682.05. But this argument ignores the use of *rated* instead of ratable in the statute. While an unmarked article can have an unknown rating, clearly a "Rated transformer" implies that the importer has or should have at least some knowledge of the electrical power capability prior to importation. The record of this case shows clearly that baluns are not transformers of a type or class in which ratings in kva are used; they are not rated. Such rating would have

2. Rule 10(ij) reads:

(ij) a provision for parts of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part.

no significance in the trade because they do not handle power of the magnitude which give rise to such ratings.

The confusion between the terms "Rated" and "ratable" is further emphasized in considering appellant's discussion of "rated kva," found in Headnote 2, Part 5, Schedule 6 of TSUS.[3] The above phrase is compared by appellant to the National Electrical Manufacturers Association (NEMA) standard for transformer *ratings* in order to suggest that the plain meaning of "Rated" was not contemplated here. But since these terms are not interchangeable, Headnote 2 has no evidentiary value in establishing any ambiguity in the statute.

Appellant's reference to the following excerpt from the 1969 Summaries of Trade and Tariff Information (Summaries) is equally irrelevant in establishing an ambiguity:

> The bulk of the power, distribution, and specialty transformers are rated at more than 1 kva and thus are of a type provided for under item 682.07 of the TSUSA-1968. Many instruments and meter transformers and most transformers used in electronic applications would be rated (if rated in kva) at less than 1 kva and, consequently, are of a type provided for under item 682.05. Many specialty transformers are rated at less than 1 kva.

Whatever guidance the Summaries may provide with respect to the state of the domestic industry at the time of the Kennedy Round and the subsequent substitution of items 682.05 and 682.07 for former item 682.10,[4] it is meaningless here since the passage is directed towards *rated* transformers. Rated transformers are segregated by the 1 kva level regardless of application, but that does not make item 682.05 applicable to transformers of a type which nobody rates with respect to power-handling capacity.

Appellant suggests that affirmance of the decision below would lead to an absurd or anomalous result. A scenario is painted wherein an importer could obtain the lower rate of duty merely by not rating ratable transformers until after importation. This does not impress us. Ratable transformers have an inherent rating, capable of determination even if the goods are not marked with any power rating; no rational businessman would buy a power transformer without knowing its rating. These baluns are not the type of transformers to which anyone assigns a power rating.

The Customs Court was manifestly correct in holding the imported baluns to be not "Rated" and hence classifiable under item 682.07 as "Other" transformers. Appellant contends that appellee has not overcome the presumption of correctness in the implicit fact finding by the Customs Service that the baluns were rated. Not only does this argument forget that the statutory meaning of "Rated" is a question of law which affects the fact finding, but it also overlooks the presumption of correctness in factual determinations by the Customs Court which overrides factual conclusions of the Customs Service. We note that Mr. Gilgenbach, appellant's own witness, declared that he had never seen kva ratings for the goods in question, nor had the commercial trade ever rated baluns. The factual determination by the Customs Court concerning unrated baluns is supported by substantial evidence.

Accordingly, the judgment of the Customs Court is *affirmed.*

---

3. Headnote 2 provides:

> 2. For the purposes of this part (item 682.05 and 682.07), the rated kva of a transformer is the kilovolt-ampere output on a continuous duty basis at the rated secondary voltage (or amperage, when applicable) and at the rated frequency without exceeding the rated temperature limitations.

4. TSUS item 682.10 was applicable to all imported transformers regardless of whether they were rated. Pursuant to Presidential Proclamation 3822, 82 Stat. 1455 (Kennedy Round) this item was replaced on Jan. 1, 1968, by the present items 682.05 and 682.07.